The next and last case for argument this morning is Adam Vasseur v. TEI Construction Services Good morning, Mr. Wilson. Good morning, Your Honor. May it please the court. My name is Matthew Wilson and I represent the appellant, the defendant below TEI Construction Services Incorporated. For the sake of clarity, I'd point out to the judges that there are two individual defendants that were party to the case below, a Mr. Sowell and a Mr. Jarvis. They're not represented by counsel in this matter and they're not parties to the appeal. This repeal presents the issue of whether the district court had authority under USC 1447C to remand a diversity case for untimely removal, notwithstanding the fact that the plaintiff failed to raise that procedural defect by a timely remand motion. The appeal arises from TEI's removal of a personal injury lawsuit that was originally filed in the Circuit Court of Texas County, Missouri. The case was originally filed December 16th of 2014 against only the individual defendants, Jarvis and Sowell, and alleged that there was a serious personal injury as a result of a head-on collision between Jarvis and Sowell and the vehicle operated by the plaintiff. There were allegations of injuries to various parts of the plaintiff's body as well as emotional injury, lost wages, medical damages, and other damages. On November 17th of 2017, the plaintiff filed an amended petition in the Texas County Circuit Court naming for the first time TEI Construction Services as a defendant on a brand new claim essentially alleging vicarious liability of TEI for the acts and omissions of Jarvis and Sowell. TEI filed a notice of removal to the Western District of Missouri about 12 days after being served, and the basis was that the parties were completely diverse and that as a result of the allegations of serious injury in the petition that the amount in controversy was met. For 163 days after the filing of the notice of removal, the plaintiff participated without objection in the case pending before the Western District of Missouri, including submitting a joint scheduling order, attending a scheduling conference, making Rule 26 disclosures, and serving discovery, and then most importantly, I think, participating in a mandatory mediation that was required under the Western District's Early Assessment Program. Council, I have a, there's two jurisdictional questions here. Yes, Judge. There's appellate jurisdiction for us, and then there's whether or not the District I want to focus on the first, which is why do we have jurisdiction over this appeal at all? The District Court said that it was remanding for lack of jurisdiction. Might have been right, might have been wrong, but they did it, and so why do we, under the plain language of the statute, why do we have jurisdiction here? I understand, Judge. The court has jurisdiction because this appeal is requesting an examination of whether the actual remand was subject matter jurisdiction or a timely raised procedural defect, and I think this issue came up in a 2014 opinion by this court called Arnold Crossing LLC versus Gander Mountain. But will you concede that the District Court characterized it as a lack of jurisdiction? I do, Judge. I absolutely concede that fact, and I think this court has recognized, perhaps, in the Gander Mountain opinion, and I'm certain that the Supreme Court has held in the Thurmtron versus Hermannsdorfer case that... So how about the Power Act, the Supreme Court Power Act's opinion? Isn't it then, aren't we just looking to see whether the characterization of it being jurisdictional, that that's just a colorable argument? Correct. I think it is a colorable argument. It is influential to this court's analysis, but it's not completely dispositive. I think the court has to look below the District Court's characterization of what it did and determine if, in fact, it's colorable and if the court had jurisdiction, or sorry, authority to do what it did under 1447. But we don't... I mean, this would defeat the purpose of the entire lack of... The entire command in the statute, that we don't have appeal over a remand order, decided on the merits. If we were to apply de novo review to the District Court's determination of jurisdiction, there'd be... It would destroy that statute. So we do something different. We look at it whether it's colorable or not. What do you view as the meaning of colorable? What is our task in reviewing the District Court decision? How would you define that? The court's task in reviewing would be to determine whether the District Court actually had authority to do what it was doing under 1447. And if the District Court has relied on grounds for remand that's not permitted by 1447, then I think it's appropriate for this court to review that decision and reverse. And in this instance, because the District Court's remand order turned on an incorrect conclusion that untimely removal was jurisdictional, I think as a result of that, it did not have authority to do what it did, even arguably, under 1447. That sounds a lot to me like de novo review, where we're actually, I mean, we're just going in and saying whether it's right or wrong. Why isn't it, we look at it, we say, it's debatable. Maybe the District Court got it wrong. I'd probably agree with you that the District Court got it wrong, but it's debatable. So it's colorable, and therefore we lack jurisdiction. I think that 1447 still insulates, without a doubt, review of a District Court error regarding, for example, the amount in controversy, or perhaps whether the parties were in fact completely diverse. But I think the legal conclusion that it was basing remand on subject matter jurisdiction when, in examining this Court's authority and the Supreme Court authority, it clearly wasn't, subjects the order to review. So you're almost saying that we have de novo review over legal issues, but more deferential review over things like the amount in controversy and whether there was complete diversity and things like that. Is that what you're suggesting? I think that those conclusions by the District Court, yes, Judge, would be completely insulated from review by 1447D. And your authority for that is our 2014 case that you referenced earlier, or do you have a different case in support of that? Because I'm not familiar with that proposition. In part, I would say it's the 2014 Gander Mountain case, and I would also point the Court to the Seventh Circuit line of opinions to the effect that what the District, what the Appellate Court could really examine on appeal of a motion to remand is whether the District has the authority to do what it did. And that's under 1447C, which states that the District Court can remand at any time for a jurisdictional defect, but there is no authority to remand for a procedural defect that wasn't raised within 30 days of the notice of removal. So why isn't 1446 colorably jurisdictional in this sense, that Congress added a bad-faith exception, and why would Congress need to add a bad-faith exception if it was procedural? Because you'd have standard exceptions if it's procedural. I think that the intent of Congress in adding the bad-faith exception was to clarify that that provision is procedural and therefore subject to an equitable exception or an equitable  But it wouldn't be necessary if it was procedural. Well, I don't think there's anything in Congress's comments in the record, or the Congressional record, that states that it's jurisdictional. I think they state that they're adding that to clarify whether it was procedural or jurisdiction to assure. Isn't it at least colorable that they added it because they perceived it as being jurisdictional and they wanted an exception for that? Isn't that at least a colorable argument? I suppose it's at least a colorable argument, Judge, but I think more likely, or the better analysis of the statute would be to look at it the same way the court looks at the 30-day time limit on a notice of removal, which was added into the statute at the same time, and which this court, and I believe every other appellate court to examine the issue, has held to be procedural. And Congress knew that all of these other circuits were, in fact, treating those time limits as procedural rather than jurisdictional, and still chose not to add the language into the statute that would have removed all doubt and made it a jurisdictional requirement, or, better still, moved it under 28 U.S.C. 1332, which is, in fact, the source of the district court's original jurisdiction over the diversity case, as opposed to leaving it under the statute that is expressly entitled procedure for removal. Getting back very briefly to the district court's authority under 1447 to remand, this court has said since at least 1989 in the Nolan v. Prime Tanning cases and the CompuGraphic cases that are cited in TEI's brief that procedural requirements are not jurisdictional, and thus a party may waive the right to object to removal on those grounds by, one, failing to raise the issue within 30 days, or, two, engaging in affirmative activity in the federal case. At this point, I believe all circuits except the First Circuit, the Eighth, and the Tenth have held that 1447 does not permit sua sponte remand for a waived procedural defect, and one case so holding is the Second Circuit's opinion in Miskofsky, which this court cited in the Gander Mountain opinion, but expressly left open the issue of whether the district court has authority to remand for an unraised procedural defect. Judge, if there are no further questions, I'll reserve the rest of my time. Thank you. Good morning, Your Honors. Good morning. I am Thomas Morrisey, and I am the attorney for the appellee, Adam Vassar. As you know, Congress has given our district courts the final word on the issue of removal when a remand order is based on a factor enumerated under 1447C, and appellate courts, as has been pointed out, at least on the jurisdictional issue, are statutorily prohibited by 1447D from reviewing the correctness of the legal conclusions underlying that remand order. Now, while this court is jurisdictionally barred from reviewing a 1447C remand order, even those erroneously decided, this court is required to determine by independent review the actual grounds for removal, and I think that's where the confusion sets in. All we need to do is look at the record, which is the motion for remand, which states that jurisdiction was lacking and cited 1447C, the order, which says that the district court lacked jurisdiction and cited 1447C, and then as conceded today in argument and in their record, in basing remand on lack of jurisdiction. So, for all those reasons, the entire record supports that the reason, the enumerated factor under 1447C of lack of jurisdiction was the reason or the basis of the trial court's remand order. At that stage, if this court agrees with that, the conclusion is done. That is the extent of this court's review. Well, what about Power Acts? Aren't we supposed to determine whether that so-called jurisdictional finding is colorable under the Supreme Court's Power Acts decision? The – if we're talking colorable, it's as if it is colorable that the one-year time period is jurisdictional. I mean, we have district courts that were listed out in the district court's order. Let's first decide what we need to do. You said once we determine that the district court remanded on jurisdictional grounds, we're done. And I'm saying, are you correct? Aren't we under Power Acts required to determine whether it's colorable? Well, then I think no. I mean, I think the problem with that is then it completely eviscerates 1447D. I mean, the courts have held – I mean, the Eighth Circuit has held in since – Are you familiar with Power Acts? I apologize, Your Honor. I am not. But I mean, that eviscerates 1447D in that situation. And I guess if we want to look at it, if it's colorable, that's where we come into the discussion of the amendment to the jurisdictional act to begin with, the Federal Courts Jurisdiction and Venue Clarification Act of 2011. I mean, the legislative history says that it is designed to clarify, and the title, clarify what jurisdiction is. And as this court pointed out in argument, why add the bad faith exception? We have cited the legislative history where the Congress has identified that some courts treat the one-year time period as jurisdictional, some courts treat it as procedural, and that this language is added. Inclusion of statutory language to resolve the conflict is appropriate. So they tried to resolve it. Now, could they have said that it's jurisdictional and made it super clear? They could have. But if you're asking if it's colorable based on the legislative history, based on the change, based on the addition of the bad faith exception, then yes, it is colorable. And if this court is required to review for that purpose, then it should find that it is colorable. And since it's colorable, it is satisfied by 1447C. And then by 1447D, the review is over. The – and I guess that would – honestly, that would be the extent of my argument, is that, one, the – once this court finds that the district court used jurisdiction under 1447D, review is done under 1447B. However, if not, it is colorable based on the modification of the act in 2007. Thank you. Very well. Thank you, Counsel. Judge, if I may just very briefly revisit the colorability argument. I will point out that in our reply brief, we have – in addressing the plaintiff's argument that any time limit contained in a statute is jurisdictional in reliance on the Bowles v. Russell case, we have set out some cases that actually demonstrate that the general rule laid out by the Supreme Court is the opposite. In other words, a time limit is only jurisdictional if the legislature clearly states that a threshold limitation on a statute's scope shall be jurisdictional. I think applying that case, that standard, then the jurisdictional argument regarding 1446C1 becomes considerably less colorable, again, because Congress has now had the opportunity to revise and amend that statute again in effect of 2012 and not only chose not to add such language but chose not to move it the statute that does clearly define those jurisdictional thresholds. Thank you, Judge. Very well. Thank you, Counsel. We appreciate your arguments and briefing. The case will be submitted and decided in due course. Ms. Dahm, does that complete our calendar for the day? Yes, it does, Judge. We'll be in recess until 9 a.m. tomorrow morning.